In the Matter of the Probate of the Last Will and Testament of HULDA POSNANSKY, Deceased. AGNES EVERLY and Others, Appellants; ANTHONY D'ALBERO, as Executor, etc., and Others, Respondents.— Decree of the Surrogate's Court of Richmond county admitting will to probate reversed upon the law and the facts and a new trial ordered, with costs, payable out of the estate, to the contestants, to abide the event, upon the ground that the contestants made out a *prima facie* case for submission to the jury. The issue of fraud and undue influence is dependent in this, as in many other cases, upon circumstantial evidence, and we are of opinion that there should have been greater liberality in the admission of testimony that would tend to indicate the relations between the testatrix and the proponent. There were also other rulings that bore upon the alleged fraud, and which upon a new trial may be avoided. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

In the Matter of Proving the Last Will and Testament of MABELLE G. QUIRK, Deceased. ELIZABETH A. QUIRK, Appellant: AGNES A. QUIRK, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

In the Matter of the Conditional Sale Contract Signed by WEISBERG GOLDMAN CORPORATION in Favor of AMERICAN STOVE COMPANY, as Conditional Vendor, Affecting Fixtures Physically Installed in Real Property Now Owned by EAST CEDAR BUILDING CO., INC., Owner. AMERICAN STOVE COMPANY, Appellant; WEISBERG GOLDMAN CORPORATION and EAST CEDAR BUILDING CO., INC., Respondents.*— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that section 72-b of the Personal Property Law does not, by its terms, make mandatory the vacating of the conditional bill of sale; and under the circumstances of this case it would be highly inequitable to vacate it. The discretion given the court below should have been exercised to deny the motion. Appeal from order denying motion for reargument dismissed. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.